# A

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON**

STEPHEN EGERER and STEPHANIE
EGERER, as individuals, and as the
Representatives of a Class of Similarly
Situated Persons,

    CASE NO.: 06 44801 CZ

  Plaintiffs,

vs.

  HONORABLE Timothy G. Hicks

WOODLAND REALTY, INC.,
a Michigan corporation, and
WOODLAND TITLE AGENCY, LLC.,
a Michigan limited liability company,

  Defendants.
_____/

SCHOLTEN FANT
Todd M. Anthes (P50925)
100 North Third Street
Grand Haven, MI 49417
(616) 842-3030
(616) 846-6621 facsimile
*Attorneys for Plaintiffs*

CLAUSEN MILLER, P.C.
James F. Smith (to be admitted *pro hac vice*)
David J. Roe (P46108)
10 S. LaSalle
Chicago, Illinois 60603
(312) 855-1010
(312) 606-7500 facsimile
*Attorneys for Plaintiffs*
_____/

  There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## CLASS ACTION COMPLAINT

NOW COME the Plaintiffs, Stephen Egerer and Stephanie Egerer, as individuals, and as the representatives of a class of similarly situated persons, by and through their attorneys, Scholten Fant, P.C. and Clausen Miller, P.C., and hereby bring this Class Action Complaint against Defendants Woodland Realty, Inc., and Woodland Title Agency, LLC., stating as follows:

### Jurisdiction and Venue

1. At all times relevant to this action, Plaintiffs Stephen and Stephanie Egerer ("Mr. & Mrs. Egerer") were residents of Ottawa County, Michigan, residing in a home they owned at 18177 Yuma Court in Ferrysburg.

2. At all times relevant to this action, Defendant Woodland Realty, Inc. ("Woodland Realty"), was a Michigan corporation with a principal place of business, on information and belief, in Ottawa County, Michigan, and an office located in Muskegon County, Michigan.

3. At all times relevant to this action, Defendant Woodland Title Agency, LLC ("Woodland Title"), was a Michigan limited liability company with a principal place of business, on information and belief, in Ottawa County, Michigan, and an office located in Muskegon County, Michigan.

### Facts Common to All Counts

4. Prior to June 14, 2004, Mr. & Mrs. Egerer engaged the services of Defendant Woodland Realty and its authorized agent to sell the Egerer home at 18177 Yuma Court.

5. On June 14, 2004, Mr. & Mrs. Egerer completed the sale transaction of their home at 18177 Yuma Court to another family.

6. Upon the recommendation of Woodland Realty, Defendant Woodland Title (including the managing agents, affiliates and business partners performing settlement-related services for Woodland Title) was engaged to perform the settlement services necessary to complete the sale of the Egerer residence.

7. In connection with the sale of the Egerer residence, and in connection with the sale of real estate for all other members of the class during the Class Period (defined below), Woodland Title gave a referral fee or kickback to Woodland Realty and its agent for engaging Woodland Title to perform the closing services:

**Woodland Title Marketing Credit**

Woodland Title provides marketing credit for those Sales Associates who utilize the services of Woodland Title for their closings. This credit is in the form of Woodland Title "Marketing Dollars" and is currently $15.00 per closing. Coupons can be used to offset any marketing or promotional expenses on the Sales Associate's monthly statement. [Page 43 of Woodland Realty's Commission Program Manual (excerpted)]

8. On information and belief, it was the pattern, practice and policy of Woodland Realty since June 22, 2001, to recommend and engage Woodland Title to perform the settlement services necessary to complete the sale of real property in exchange for the referral fee or kickback.

9. During the Class Period, Woodland Title and Woodland Realty did not disclose to Mr. & Mrs. Egerer or any members of the class that a referral fee or kickback was being paid for directing closing services business to Woodland Title.

10. Payment and acceptance of a referral fee by any person or company is a violation of the Real Estate Settlement and Procedures Act of 1974, as amended, 12 U.S.C. § 2601, *et seq.* ("RESPA"):

> (a) No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person. (See also 24 C.F.R. § 3500.14(b) et seq.)

11. Both Woodland Title and Woodland Realty knew or should have known that payment of a referral fee or anything of value was a violation of RESPA, as Woodland Realty's manual plainly explained: "Under no circumstances should the Company or a Sales Associate receive a rebate or kickback from any service organizations such as Home Inspection Companies, Pest Inspections, Title Companies, etc..." [Page C-4 of Woodland Realty's Commission Program Manual (excerpted)].

12. Woodland Title and Woodland Realty made material misrepresentations of fact and/or wrongly remained silent when they failed to disclose that the recommendation and engagement of Woodland Title was motivated in part by the payment of an illegal referral fee or kickback.

13. Woodland Title and Woodland Realty had statutory and common law duties to inform Mr. & Mrs. Egerer and the members of the class that the recommendation and engagement of Woodland Title was motivated in part by the payment of an illegal referral fee or kickback.

14. Woodland Title and Woodland Realty breached their common law and statutory duties by paying and accepting something of value in exchange for referring settlement services business to Woodland Title.

15. Woodland Title and Woodland Realty took affirmative steps to conceal the payment and acceptance of illegal referral fees or kickbacks made in connection with the recommendation and engagement of Woodland Title.

16. Mr. & Mrs. Egerer and the other members of the class were mislead and/or deceived by the conduct of Woodland Title and Woodland Realty, and neither Mr. & Mrs. Egerer nor the members of the class could have discovered the wrongful conduct of Woodland Title and Woodland Realty despite exercising due diligence.

17. Woodland Title and Woodland Realty made material misrepresentations of fact and/or wrongly remained silent with the intent that Mr. & Mrs. Egerer and the other members of the class would rely on the failure to disclose the illegal referral fees or kickbacks.

18. Mr. & Mrs. Egerer and the other members of the class reasonably relied on the misrepresentations and/or wrongful silence of Woodland Title and Woodland Realty regarding the illegal referral fees or kickbacks.

19. As a result of the wrongful and illegal conduct of Woodland Realty and Woodland Title, Mr. & Mrs. Egerer and the other members of the class suffered damages in each closing referred to Woodland Title by Woodland Realty since June 22, 2001, in an amount in excess of $25,000.

20. Pursuant to 12 U.S.C. § 2607(d), Plaintiffs are entitled to three times the amount of any charge paid for the settlement service provided by the Defendants plus reasonable attorneys' fees as damages for the Defendants' violation of RESPA.

21. The Class Period for which damages are sought begins with June 22, 2001, which is the date Woodland Title first became registered with the Michigan Department of Consumer & Industry Services, and on information and belief, is the first date on which an illegal referral fee or kickback was paid, and ends with the date of the filing of this Complaint, or the date on which Woodland Title and Woodland Realty stop paying and accepting illegal kickbacks or referral fees, whichever is later.

- 5 -

22. This action is brought pursuant to MCR 3.501 *et seq.*, by one or more representative members of a class or similarly situated people, all of whom were harmed by the wrongful conduct of Woodland Title and Woodland Realty.

23. Based on the thousands of transactions Woodland Realty and Woodland Title have handled since 2001, the class is so numerous that joinder of all class members is impracticable. The exact number and identity of class members is unknown to the Plaintiff, but such information is known by the Defendants and can readily be obtained through discovery.

24. The questions of law and fact are almost entirely common to all members of the class and predominate over any questions affecting only individual members, including, but not limited to:

    a. Whether RESPA prohibits the payment of kickbacks and referral fees in connection with the referral of business to Woodland Title;

    b. Whether the Michigan Consumer Protection Act, MCL § 445.903 *et seq.*, prohibits the payment of kickbacks and referral fees in connection with the referral of business to Woodland Title;

    c. Whether Plaintiff and the class were damaged by the conduct;

    d. How damages should be computed; and

    e. Whether certain defenses are available to the Defendants to avoid liability.

25. The claims of the representative party are typical of the claims of the class, and the defenses against the representative's claims are typical of the defenses against the class claims.

26. The representative party has sustained damages typical of the damages of other class members, has retained competent counsel, and will fairly and adequately assert and protect the interests of the class.

27. The maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

28. If separate actions by individual members of the class were to proceed, inconsistent or varying adjudications with respect to individual members of the class would give rise to incompatible standards of conduct, and adjudications with respect to individual members of the class could be dispositive of the interests of other members not parties to the adjudications, or they could substantially impair or impede their ability to protect their interests.

29. This action will be manageable as a class action, and the complexity of the issues and the expense of litigation of the separate claims of individual class members are insufficient in amount to support separate actions.

30. It is probable that the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

31. Upon information and belief, records exist for each transaction handled by Woodland Realty and Woodland Title since 2001, and such records are in the possession or control of the Defendants.

### COUNT I:
### Violations of 12 U.S.C. § 2601, *et seq.*, and 24 C.F.R. 3500.14(b) – Giving Things of Value in Exchange for Referrals

32. Plaintiffs hereby restate, adopt and incorporate by reference, all of the allegations and statements set forth in the previous paragraphs of this Complaint as though fully set forth herein.

-7-

33. Pursuant to RESPA and its associated regulations, it is a violation of Federal Law to pay or accept kickbacks or referral fees in exchange for the referral of business to a title insurance company.

34. Each of the Defendants violated Federal Law by paying or accepting referral fees and other things of value in connection with the referral of title or closing services work to Woodland Title for Mr. & Mrs. Egerer and every other member of the class during the Class Period.

35. As a result of the Defendants violation of Federal Law, Plaintiffs Mr. & Mrs. Egerer and every other member of the class suffered aggregated damages in an amount to be determined at trial, but in excess of $25,000, plus costs, interest and attorney fees.

WHEREFORE, Plaintiffs Mr. & Mrs. Egerer and the other members of the class respectfully request that this Court enter a Judgment in their favor and against the Defendants, jointly and severally, in an amount to be determined at trial, together with costs, interest and attorney fees.

**COUNT II:**
**Violations of the Michigan Consumer Protection Act, MCL § 445.903(1) *et seq.* - Concealing and/or Failing to Disclose Material Facts to Mislead Consumers**

36. Plaintiffs hereby restate, adopt and incorporate by reference, all of the allegations and statements set forth in the previous paragraphs of this Complaint as though fully set forth herein.

37. Pursuant to the Michigan Consumer Protection Act, MCL § 445.903(1) *et seq.*, it is a violation of Michigan law to conceal and/or fail to disclose material facts in connection with the conduct of trade or commerce.

38. Each of the Defendants violated Michigan Law, including, but not limited to, violations of MCL § 445.903(1)(g), (bb) and (cc), by paying and accepting referral fees and other things of value in connection with the referral of title services work to Woodland Title for Mr. & Mrs. Egerer and every other member of the class during the Class Period, and by concealing and/or not disclosing the fact that such payments were being made.

39. As a result of the Defendants violation of Michigan Law, Plaintiffs Mr. & Mrs. Egerer and every other member of the class suffered aggregated damages in an amount to be determined at trial, but in excess of $25,000, plus costs, interest and attorney fees.

WHEREFORE, Plaintiffs Mr. & Mrs. Egerer and the other members of the class respectfully request that this Court enter a Judgment in their favor and against the Defendants, jointly and severally, in an amount to be determined at trial, together with costs, interest and attorney fees.

Dated: __09/29__, 2006.

Respectfully submitted,
STEPHEN EGERER & STEPHANIE EGERER
and as Representatives of a Class of Similarly Situated Persons

By: _Todd M Anthes_
SCHOLTEN FANT
Todd M. Anthes (P50925)
100 North Third Street
Grand Haven, MI 49417
(616) 842-3030
(616) 846-6621 facsimile

CLAUSEN MILLER, P.C.
James F. Smith (to be admitted *pro hac vice*)
David J. Roe (P46108)
10 S. LaSalle
Chicago, Illinois 60603
(312) 855-1010
(312) 606-7500 facsimile
*Attorneys for Plaintiffs*