UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN EGERER and STEPHANIE
EGERER, KATHY BOYINK,
as individuals, and as the Representatives
of a Class of Similarly Situated Persons,

          Plaintiffs,

v.

WOODLAND REALTY, INC.,
a Michigan corporation,
WOODLAND TITLE AGENCY, LLC.,
a Michigan limited liability company,
CHICAGO TITLE OF MICHIGAN, INC.,
, and
CHICAGO TITLE INSURNACE COMPANY,

          Defendants.
_____/

Case No.: 1:06cv0789

Hon. Richard A. Enslen

Hon. Ellen S. Carmody

## FIRST AMENDED CLASS ACTION COMPLAINT

NOW COME the Plaintiffs, Stephen Egerer and Stephanie Egerer, and Kathy Boyink, as individuals, and as the representatives of a class of similarly situated persons, by and through their attorneys, Scholten Fant, P.C. and Clausen Miller, P.C., and hereby bring this First Amended Class Action Complaint against Defendants Woodland Realty, Inc., Woodland Title Agency, LLC., Chicago Title of Michigan, Inc., and Chicago Title Insurance Company, stating as follows:

### Venue

1.    At all times relevant to this action, Plaintiffs Stephen and Stephanie Egerer ("Mr. & Mrs. Egerer") were residents of Ottawa County, Michigan, residing in a home they owned at 18177 Yuma Court in Ferrysburg.

2. At all times relevant to this action, Plaintiff Kathy Boyink ("Ms. Boyink") was a resident of Ottawa County, Michigan, residing in a home she owned at 1144 Slayton Street in Grand Haven.

3. At all times relevant to this action, Defendant Woodland Realty, Inc. ("Woodland Realty"), was a Michigan corporation with a principal place of business, on information and belief, in Ottawa County, Michigan, and an office located in Muskegon County, Michigan.

4. At all times relevant to this action, Defendant Woodland Title Agency, LLC ("Woodland Title"), was a Michigan limited liability company with a principal place of business, on information and belief, in Ottawa County, Michigan, and an office located in Muskegon County, Michigan.

5. Upon information and belief, Defendant Chicago Title of Michigan, Inc. ("Chicago Title of Michigan") was a Michigan corporation with a principal place of business located in Grand Rapids, Michigan.

6. Upon information and belief, Defendant Chicago Title Insurance Company ("CTIC") was a Missouri corporation with a principal place of business located in Chicago, Illinois.

**Facts Common to All Counts**

7. Prior to June 22, 2001, Woodland Realty, CTIC and Chicago Title of Michigan, entered into an agreement to create a new entity called "Woodland Title Agency, LLC" for the express purpose of: 1) transferring referral fees, kickbacks, and other unearned fees from customers to Woodland Realty and its owners; and 2) directing settlement services fees through

Woodland Title to CTIC and Chicago Title of Michigan that these Defendants would not have earned by competing fairly in the marketplace for providing settlement services.

8. Prior to June 14, 2004, Mr. & Mrs. Egerer engaged the services of Defendant Woodland Realty and its authorized agent to sell the Egerer home at 18177 Yuma Court.

9. On June 14, 2004, Mr. & Mrs. Egerer completed the sale transaction of their home at 18177 Yuma Court to another family.

10. Upon the recommendation of Woodland Realty, Defendant Woodland Title (including the managing agents, affiliates, subcontractors and business partners performing settlement-related services for Woodland Title) was engaged to perform the settlement services necessary to complete the sale of the Egerer residence.

11. Prior to October 6, 2005, Ms. Boyink entered into a contract to purchase a home at 1144 Slayton Avenue that was listed for sale by Defendant Woodland Realty and its authorized agent.

12. On October 6, 2005, Ms. Boyink completed the purchase transaction of the home at 1144 Slayton Street.

13. Upon the instruction of Woodland Realty, Defendant Woodland Title (including the managing agents, affiliates subcontractors and business partners performing settlement-related services for Woodland Title) was engaged to perform the settlement services necessary to complete the purchase of the Boyink residence.

14. Without the knowledge or consent of the Plaintiffs or class members, Woodland Title contracted out the performance of settlement services to CTIC.

15. Without the knowledge or consent of the Plaintiffs or class members, Woodland Title contracted out the performance of settlement services to Chicago Title of Michigan.

16.     In connection with the sale of the Egerer residence, in connection with the purchase of the Boyink residence, and in connection with the purchase and sale of real estate for all other members of the class during the Class Period (defined below), Woodland Realty, Woodland Title, Chicago Title of Michigan, Inc., and Chicago Title Insurance Company paid or received referral fees or kickbacks in connection with the referral of settlement services:

**Woodland Title Marketing Credit**

Woodland Title provides marketing credit for those Sales Associates who utilize the services of Woodland Title for their closings. This credit is in the form of Woodland Title "Marketing Dollars" and is currently $15.00 per closing. Coupons can be used to offset any marketing or promotional expenses on the Sales Associate's monthly statement... [Page 43 of Woodland Realty's Commission Program Manual (excerpted)]

17.     The Defendants' agreement to pay and receive referral fees and kickbacks was actively concealed from the Plaintiffs and the class.

18.     On information and belief, it was the pattern, practice and policy of Woodland Realty since June 22, 2001, to recommend and engage Woodland Title to perform the settlement services necessary to complete the sale of real property in exchange for the referral fees or kickbacks.

19.     During the Class Period, Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan did not disclose to Mr. & Mrs. Egerer, Ms. Boyink or any members of the class that referral fees or kickbacks were being paid for directing settlement services business to Woodland Title.

20.     Payment and acceptance of a referral fee by any person or company is a violation of the Real Estate Settlement and Procedures Act of 1974, as amended, 12 U.S.C. § 2601, *et seq.* ("RESPA"):

> *(a)* No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person. (See also 24 C.F.R. § 3500.14(b) *et seq.*)

21. Woodland Title was not created by the Defendants to be a bona fide provider of any settlement services, and the Defendants operated Woodland Title as a sham business with the sole intent to collect unearned fees and kickbacks from settlement services and to gain an unfair advantage over other settlement service providers in the marketplace.

22. The Defendants distributed inaccurate information to the Plaintiffs and class members on the federally mandated Affiliated Business Disclosure Statement in an effort to mislead the Plaintiffs and class members and conceal the payment and receipt of unearned fees and kickbacks, and to discourage and inhibit the Plaintiffs and class members from discovering the Defendants' illegal conduct and from taking their settlement services business to other competitors in the marketplace.

23. Woodland Title, CTIC and Chicago Title of Michigan paid for, and Woodland Realty accepted, other promotional and advertising materials and things of value in exchange for the referral of settlement services to Woodland Title, CTIC and Chicago Title of Michigan.

24. Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan knew or should have known that payment or receipt of anything of value as a referral was a violation of RESPA, as Woodland Realty's manual plainly explained: "Under no circumstances should the Company or a Sales Associate receive a rebate or kickback from any service organizations such as Home Inspection Companies, Pest Inspections, Title Companies, etc..." [Page C-4 of Woodland Realty's Commission Program Manual (excerpted)].

25. Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan made material misrepresentations of fact and/or wrongly remained silent when they failed to disclose that the recommendation and engagement of Woodland Title was motivated in part by the payment and receipt of illegal referral fees or kickbacks.

26. Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan had statutory and common law duties to inform Mr. & Mrs. Egerer, Ms. Boyink and the members of the class that the recommendation and engagement of Woodland Title was motivated in part by the payment and receipt of illegal referral fees or kickbacks.

27. Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan breached their common law and statutory duties by paying and accepting something of value in exchange for referring settlement services business to Woodland Title.

28. Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan took affirmative steps to conceal the payment and acceptance of illegal referral fees or kickbacks made in connection with the recommendation and engagement of Woodland Title.

29. Mr. & Mrs. Egerer, Ms. Boyink and the other members of the class were mislead and/or deceived by the conduct of Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan, and neither Mr. & Mrs. Egerer, Ms. Boyink, nor the members of the class could have discovered the wrongful conduct of Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan despite exercising due diligence.

30. Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan made material misrepresentations of fact and/or wrongly remained silent with the intent that Mr. & Mrs. Egerer, Ms. Boyink and the other members of the class would rely on the failure to disclose the illegal referral fees or kickbacks.

31.     Mr. & Mrs. Egerer, Ms. Boyink, and the other members of the class reasonably relied on the misrepresentations and/or wrongful silence of Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan regarding the illegal referral fees or kickbacks.

32.     Mr. & Mrs. Egerer, Ms. Boyink and the other members of the class suffered damages in each closing referred to Woodland Title by Woodland Realty since June 22, 2001, in an amount in excess of $25,000 as a result of the wrongful and illegal conduct of Woodland Realty, Woodland Title, CTIC and Chicago Title of Michigan.

33.     The Defendants' illegal acts caused the Plaintiffs to pay more for settlement services than they would otherwise have had to pay in the absence of the illegal conduct.

34.     Pursuant to 12 U.S.C. § 2607(d), the Plaintiffs and class members are entitled to three times the amount of any charge paid for any settlement services provided by the Defendants plus reasonable attorneys' fees and costs as damages for the Defendants' violation of RESPA.

35.     The Class Period for which damages are sought begins with June 22, 2001, which is the date Woodland Title first became registered with the Michigan Department of Consumer & Industry Services, and on information and belief, is the first date on which an illegal referral fee or kickback was paid, and ends with the date of the filing of this Complaint, or the date on which Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan stop paying and accepting illegal kickbacks or referral fees, whichever is later.

36.     This action is brought by one or more representative members of a class or similarly situated people, all of whom were harmed by the wrongful conduct of Woodland Title, Woodland Realty, CTIC and Chicago Title of Michigan.

37. Based on the thousands of transactions Woodland Realty, Woodland Title, CTIC and Chicago Title of Michigan have handled since 2001, the class is so numerous that joinder of all class members is impracticable. The exact number and identity of class members is unknown to the Plaintiff, but such information is known by the Defendants and can readily be obtained through discovery.

38. The questions of law and fact are almost entirely common to all members of the class and predominate over any questions affecting only individual members, including, but not limited to:

    a. Whether RESPA prohibits the payment of kickbacks and referral fees in connection with the referral of business to Woodland Title;

    b. Whether the Michigan Consumer Protection Act, MCL § 445.903 *et seq.*, prohibits the payment of kickbacks and referral fees in connection with the referral of business to Woodland Title;

    c. Whether Plaintiff and the class were damaged by the conduct;

    d. How damages should be computed; and

    e. Whether certain defenses are available to the Defendants to avoid liability.

39. The claims of the representative party are typical of the claims of the class, and the defenses against the representative's claims are typical of the defenses against the class claims.

40. The representative parties have sustained damages typical of the damages of other class members, have retained competent counsel, and will fairly and adequately assert and protect the interests of the class.

41. The maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

42. If separate actions by individual members of the class were to proceed, inconsistent or varying adjudications with respect to individual members of the class would give rise to incompatible standards of conduct, and adjudications with respect to individual members of the class could be dispositive of the interests of other members not parties to the adjudications, or they could substantially impair or impede their ability to protect their interests.

43. This action will be manageable as a class action, and the complexity of the issues and the expense of litigation of the separate claims of individual class members are insufficient in amount to support separate actions.

44. It is probable that the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

45. Upon information and belief, records exist for each transaction handled by Woodland Realty, Woodland Title, CTIC and Chicago Title of Michigan since 2001, and such records are in the possession or control of the Defendants.

## COUNT I:
### Violations of 12 U.S.C. § 2601, *et seq.*, and 24 C.F.R. 3500.14(b) - Giving Things of Value in Exchange for Referrals

46. Plaintiffs hereby restate, adopt and incorporate by reference, all of the allegations and statements set forth in the previous paragraphs of this Complaint as though fully set forth herein.

47. Pursuant to RESPA and its associated regulations, it is a violation of Federal Law to pay or accept kickbacks or referral fees in exchange for the referral of business to a real estate settlement services company.

48. Each of the Defendants violated Federal Law by paying or accepting referral fees and other things of value in connection with the referral of real estate settlement services work to Woodland Title for Mr. & Mrs. Egerer, Ms. Boyink and every other member of the class during the Class Period.

49. As a result of the Defendants violation of Federal Law, Plaintiffs Mr. & Mrs. Egerer, Ms. Boyink and every other member of the class suffered aggregated damages in an amount to be determined at trial, but in excess of $25,000, plus costs, interest and attorney fees.

WHEREFORE, Plaintiffs Mr. & Mrs. Egerer, Ms. Boyink and the other members of the class respectfully request that this Court enter a Judgment in their favor and against the Defendants, jointly and severally, in an amount to be determined at trial, together with costs, interest and attorney fees.

## COUNT II:
### Violations of the Michigan Consumer Protection Act, MCL § 445.903(1) *et seq.* - Concealing and/or Failing to Disclose Material Facts to Mislead Consumers.

50. Plaintiffs hereby restate, adopt and incorporate by reference, all of the allegations and statements set forth in the previous paragraphs of this Complaint as though fully set forth herein.

51. Pursuant to the Michigan Consumer Protection Act, MCL § 445.903(1) *et seq.*, it is a violation of Michigan law to conceal and/or fail to disclose material facts in connection with the conduct of trade or commerce.

52. Each of the Defendants violated Michigan Law, including, but not limited to, violations of MCL § 445.903(1)(s), (bb) and (cc), by paying and accepting referral fees and other things of value in connection with the referral of real estate settlement services work to

Woodland Title for Mr. & Mrs. Egerer, Ms. Boyink and every other member of the class during the Class Period, and by concealing and/or not disclosing the fact that such payments were being made.

53.     As a result of the Defendants violation of Michigan Law, Plaintiffs Mr. & Mrs. Egerer, Ms. Boyink and every other member of the class suffered aggregated damages in an amount to be determined at trial, but in excess of $25,000, plus costs, interest and attorney fees.

WHEREFORE, Plaintiffs Mr. & Mrs. Egerer, Ms. Boyink and the other members of the class respectfully request that this Court enter a Judgment in their favor and against the Defendants, jointly and severally, in an amount to be determined at trial, together with costs, interest and attorney fees.

Dated:  February 12, 2007.

Respectfully submitted,

STEPHEN EGERER & STEPHANIE EGERER
KATHY BOYINK, individually, and as
Representatives of a Class of Similarly
Situated Persons

By:     /s/ James F. Smith

SCHOLTEN FANT
Todd M. Anthes (P50925)
100 North Third Street
Grand Haven, MI 49417
(616) 842-3030
(616) 846-6621 facsimile

CLAUSEN MILLER, P.C.
James F. Smith
10 S. LaSalle
Chicago, Illinois 60603
(312) 855-1010
(312) 606-7500 facsimile
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above and foregoing document was delivered on the 23rd day of February, 2007, to the following via electronic filing and U.S. Mail: WARNER NORCROSS & JUDD, LLP, William Holmes, 900 Fifth Third Center, 111 Lyon Street N.W., Grand Rapids, MI 49503

/s/ James F. Smith