UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STEPHEN EGERER, et al.,

              Plaintiffs,

v.

WOODLAND REALTY, INC, et al.,

              Defendants.

_____/

Case No. 1:06cv0789

HON. RICHARD ALAN ENSLEN
MAGISTRATE ELLEN S. CARMODY

**BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO CITE NEW
AUTHORITY IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS
AND/OR FOR SUMMARY JUDGMENT**

## INTRODUCTION

Weeks after briefing was complete on Defendants' Motion to Dismiss, Plaintiffs now seek to add yet another case to their already voluminous response. This is not a situation where Plaintiffs seek to bring new, controlling authority to this Court's attention. Instead, Plaintiffs wish to present a case decided by the District Court for the Western District of Washington, simply because Defendant Chicago Title Insurance Company was a party to the decision. But not only is that case from outside this jurisdiction, and therefore not binding on this Court, it is factually inapposite to issues in this matter.

Plaintiffs' new case, *Blaylock v. First American Title Insurance Co.*, No. C06-1667JLR, 2007 U.S. Dist. LEXIS 57710 (Aug. 8, 2007), is based on Washington law, so holds no relevance to Plaintiffs' MPCA claim. Further, *Blaylock* is grounded in facts not before this Court, and so also offers no helpful guidance as to the equitable tolling argument made by Plaintiffs. Because Plaintiffs seek to cite authority which is completely inapplicable to the issues before this Court, Plaintiffs' motion should be denied.

**ARGUMENT**

I.  **THE *BLAYLOCK* HOLDING ON EQUITABLE TOLLING IS BASED ON UNIQUE FACTS NOT FOUND IN THIS CASE.**

Plaintiffs contend that *Blaylock* will help this Court resolve Plaintiffs' argument that their time-barred RESPA claims can be saved by the equitable tolling doctrine.  It does not. Instead, *Blaylock* only rehashes the arguments made by other courts and briefed at length already by the parties.  There simply is nothing new here.

Even more importantly, regardless of whether the legal analysis in *Blaylock* is novel or not, that analysis simply is not applicable to the facts in this case.  The *Blaylock* court, like those courts who have held that equitable tolling is available under RESPA, still found that tolling of the one-year statute of limitations is available <u>only</u> when the plaintiff did not have a reasonable opportunity to discover the facts underlying the claim.  2007 U.S. Dist. LEXIS 57710, at *44 (citing *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (emphasis added)).  Even if equitable tolling is available, it would never apply to the facts before this Court.

Unlike Plaintiffs in the instant case, the *Blaylock* plaintiffs had no way of discovering the existence of the policy that they claimed violated RESPA until after publication of a report by the Washington State Office of the Insurance Commissioner ("OIC").  *Blaylock*, 2007 U.S. Dist. LEXIS 57710, at *44.  The *Blaylock* defendants allegedly engaged in a policy of "wining and dining" various middlemen in exchange for the referral of business.  The OIC reported on the disputed policy after studying 18 months of expense reports and company ledgers.  *Id.* at *9-11.  The report was issued after the statute of limitations ran.  *Id.* at *44.

The facts in *Blaylock* are inapplicable here.  Here, the time-barred Plaintiffs were actually related to a realtor working for Woodland Realty.  (*See* Dkt. No. 1, Compl. ¶ 6). Moreover, <u>Plaintiffs acknowledge that the disputed policy was discussed in Defendants'</u>

procedure manual (*see* Dkt. No. 63, Pls.' Mot. for Leave 2.), and that they were explicitly informed of the relationship between Woodland Realty and Woodland Title in the ABA disclosure form that the time-barred Plaintiffs acknowledge signing.  Plaintiffs had access to the information forming the basis of their claims here outside the statute of limitations.  Equitable tolling is not applicable here.

## II.  THE *BLAYLOCK* HOLDING IS BASED ON WASHINGTON LAW AND DOES NOT REVIVE PLAINTIFFS' MCPA CLAIM.

Finally, Plaintiffs' brief referenced *Blaylock*'s treatment of the "filed rate doctrine," which supported that court's holding that the Washington consumer protection act claim in that case survived a motion to dismiss.  It is unclear whether Plaintiffs meant to suggest that *Blaylock* is helpful to this Court's consideration of Plaintiffs' Michigan Consumer Protection Act ("MCPA") claim.

If they did, *Blaylock* is completely irrelevant on this point too, since the court clearly bases its holding on Washington state law.  "...[W]hatever the weight of evidence of the precedent from other states as to the doctrine's applicability in the insurance context, this case is controlled by the state law of Washington."  *Id.* at *22.  As already cited in Defendants' briefing, the Michigan Supreme Court has held that the MCPA does not apply in the analogous field of credit life insurance sales.  *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28, 38 (1999); *see also Logan v. Blue Water Title Co.,* No. 185053, 1996 WL 33356941, at *1 (Mich. Ct. App. Oct. 1, 1996) (holding that the MCPA does not apply to acts related to title insurance sales regulated by the Michigan Insurance Commissioner).

**CONCLUSION**

This Court should deny Plaintiffs' Motion for Leave to Cite New Authority because *Blaylock* is based on Washington law and is grounded in facts not found in the case before this Court.


Dated: September 17, 2007                    _____s/Sarah Riley Howard_____

William K. Holmes
Brian J. Masternak
Sarah Riley Howard
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
616.752.2000

Attorney for Defendants

1456050-2