UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN EGERER, et al.,

        Plaintiffs,                               Case No.: 1:06cv0789

        v.

WOODLAND REALTY, INC., et al.,              Hon. Richard A. Enslen

        Defendants.                      Hon. Ellen S. Carmody

_____/

**REPLY BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO CITE NEW AUTHORITY**

      With Chicago Title named as a party-defendant in both cases, it should not be a surprise that many of the key details in *Blaylock v. First American Title Ins. Co., et al.,* Case No. C06-1667JLR, 2007 U.S.Dist. LEXIS 57710 (August 8, 2007), are indistinguishable from the present case, despite Chicago Title's protestations to the contrary:

Illegal referral fees were paid to drive Chicago Title's business:

    *Blaylock:* Plaintiffs alleged that Chicago Title "paid inducements to... real estate agents... to obtain their referrals."  (*3)

    *Egerer:* Plaintiffs alleged that Chicago Title "paid or received referral fees or kickbacks in connection with the referral of settlement services" (First Amended Complaint ("FAC")  16)

Illegal referral payments were made to offset realtors' advertising costs:

    *Blaylock:* Plaintiffs alleged that Chicago Title "underwrote [agents'] costs for real estate advertising... to steer business their way..." (*11)

    *Egerer:* Plaintiffs alleged, and multiple witnesses have confirmed, that Chicago Title underwrote real estate advertising for agents as an inducement to direct additional closing business to Chicago Title.  (Bouman dep. p. 67:18-68:5; Siler dep. p. 107:5 to 108:8)

1

The foregoing conduct violated RESPA:

>    *Blaylock:* Plaintiffs "alleged that these practices violated... the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*"  (*4)

>    *Egerer:* Plaintiffs alleged that these practices are "a violation of the Real Estate Settlement and Procedures Act of 1974, as amended, 12 U.S.C. § 2601, *et seq.*" (FAC ¶ 20)

The plaintiffs were unable to discover the misconduct:

>    *Blaylock:* Plaintiffs "allege that they could not have reasonably discovered Defendants' unfair and deceptive practices." (*44)

>    *Egerer:* Plaintiffs alleged they could not "have discovered the wrongful conduct of [Chicago Title] despite exercising due diligence."  (FAC ¶ 29)

There is evidence that the misconduct could not be discovered without compelled discovery:

>    *Blaylock:* The government "demanded and studied employee expense reports and general ledgers from [Chicago Title]... and determined that title insurance companies use a series of schemes to influence middlemen and steer business their way..." (*11)

>    *Egerer:* Jack Bouman testified that he has never provided cost details to any customer that would reveal the payment of $15 per closing to real estate agents, and that he does not believe he would do so if asked by a customer.  (Bouman dep. p. 54:9 to 55:20)

Neither Washington nor Michigan set Chicago Title's rates - Chicago Title decides its own rates:

>    *Blaylock*: It is undisputed that title insurance rates in Washington, "are largely set by the title insurers themselves," (*9)

>    *Egerer:* Chicago Title's Michigan Manager testified: "Q. So who actually sets the rate that Chicago Title charges for title insurance?  A. That is actually set by the corporation." (Kossen dep. p. 48:3-5)

Finally, in both *Blaylock* and *Egerer*, Chicago Title has asked a federal court to follow *Morales* on the filed rate doctrine, and to follow *Hardin* and *Zaremski* on the equitable tolling doctrine.

2

1144832.1

Obviously, the *Blaylock* case is strikingly similar to the factual and legal posture of the present case, and it is therefore appropriate for this Court to give consideration to the analysis and conclusions reached by the federal court in *Blaylock*. In particular, Plaintiffs ask this Court to consider the following legal conclusions from *Blaylock*:

- The *Blaylock* court rejected *Morales* and the filed rate doctrine defense;
- The *Blaylock* court rejected *Hardin* and *Zaremski* and permitted the plaintiffs' equitable tolling claim to proceed; and
- The *Blaylock* court denied Chicago Title's request to dismiss the plaintiffs' complaint.

Chicago Title's effort to distinguish *Blaylock* on the facts is non-meritorious. As set forth above, there is no basis for Chicago Title's argument that *Blaylock* "is based on unique facts not found in this case." In both cases there are allegations and facts that the wrongful conduct could not have reasonably been discovered by the plaintiffs. Based on the reasons and authorities the Plaintiffs initially offered in the present case, and for the additional reasons set forth in *Blaylock*, there is clearly a basis to conclude that the doctrines of equitable tolling, equitable estoppel, and waiver all apply to any statute of limitations defense to the Plaintiffs' claims.

Equally unavailing is Chicago Title's argument that the *Blaylock* holding analyzes the filed rate doctrine only with respect to the laws of the state of Washington. The filed rate doctrine analysis in *Blaylock* simply looks at whether any aspect of Washington's insurance statutory regime sets or establishes the rates that Chicago Title can charge to its customers. Both in Michigan and in Washington, the rates charged are "actually set by the corporation." (Kossen dep. p. 48:3-5). So as to whether *Blaylock* is "based on" Washington law, it is only true to the extent needed to conclude that Washington is exactly like the state of Michigan for the purposes

3

of the filed rate doctrine analysis, and that the doctrine does not apply and cannot bar the plaintiffs' claims against Chicago Title.

There is no meaningful difference between the facts of *Blaylock* and the facts of the present case on the issues of the filed rate doctrine and equitable tolling.  While the *Blaylock* holding is not controlling precedent, Plaintiffs urge this Court to give the analysis and conclusions of *Blaylock* all due consideration, as it is among the most compelling persuasive authorities that can exist within the federal court system.

Respectfully submitted,

Dated: September 21, 2006     By:     /s/ Michael W. Basil

Michael W. Basil
Clausen Miller P.C.
10 S. LaSalle
Chicago, IL 60603
(312) 606-7709
Attorneys for Plaintiffs

- and -

Todd M. Anthes
Scholten Fant
100 North Third Street
Grand Haven, MI 49417
(616) 842-3030
(616) 846-6621 facsimile

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above and foregoing document was delivered on the 21st day of September, 2007, to the following via electronic filing: WARNER NORCROSS & JUDD, LLP, Brian Masternak, bmasternak@wnj.com, 900 Fifth Third Center, 111 Lyon Street N.W., Grand Rapids, MI 49503

_____/s/ Michael W. Basil_____

4

1144832.1