UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN EGERER, STEPHANIE
EGERER and KATHY BOYINK,

    Plaintiffs,

v.

WOODLAND REALTY, INC.,
WOODLAND TITLE AGENCY, LLC,
CHICAGO TITLE INSURANCE CO.
and CHICAGO TITLE OF MICHIGAN,
INC.,

    Defendants.
_____/

Case No. 1:06-CV-789

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Plaintiffs Stephen Egerer, Stephanie Egerer, and Kathy Boyink's Motion for Reconsideration of the Court's November 13, 2007 Opinion and Partial Judgment and Order of Remand granting summary judgment to Defendants Woodland Realty, Inc., Woodland Title Agency, LLC, Chicago Title of Michigan, Inc., and Chicago Title Insurance Company on all federal law claims. Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof."

    Plaintiffs argue the Court's Opinion contains the following five palpable defects, all of which would make summary judgment inappropriate for Defendants:

> (1) The Court's Opinion did not appear to acknowledge or consider the Plaintiffs' request for more time pursuant to Rule 56(f), and the Court's own Scheduling Order, and the Defendants' refusal to produce merits discovery on the issues that were summarily adjudicated, claiming that such discovery was improper during the class certification phase, made [*sic*] the timing of the Court's Opinion improper and unfair;

> (2) The Court's Opinion did not appear to consider or discuss important evidence the Plaintiffs presented on the issue of equitable tolling—including the Defendants' admission that the information provided to the Plaintiffs was misleading, and the Court's Opinion certainly did not construe such evidence in a light most favorable to the Plaintiffs, or draw all reasonable inferences in favor of the Plaintiffs;
> (3) The Court's Opinion only considered the doctrine of equitable tolling, and did not discuss or consider any of the arguments, authority, or facts the Plaintiffs offered in favor of the doctrine of equitable estoppel against the Defendants' statute of limitations defense;
> (4) The Court's Opinion did not construe the ABA Disclosure Statement in a light most favorable to the Plaintiffs, because the Court's Opinion concluded that the Defendants' disclosure of *legal* conduct to the Plaintiffs somehow also provided constructive notice of *illegal* conduct of the Plaintiffs; [and]
> (5) The Court's Opinion did not construe the evidence of Ms. Boyink's referral in a light most favorable to the Plaintiffs, and there is new, recent case law supporting Ms. Boyink's and the Egerers' claims[.]

(Pls.' Br. 3–4.) Upon review, the Court discerns no palpable defects in issues (2), (4), and (5); accordingly, reconsideration will be denied for the reasons given in the Court's previous Opinion.

Regarding issues (1) and (3), Plaintiffs cannot show prejudice. Plaintiffs claim the Court failed to consider Plaintiffs' request for additional time to complete further discovery. Where a party cannot "present by affidavit facts essential to justify the party's opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). The Sixth Circuit Court of Appeals has held, "[b]efore ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. General Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995). A party opposing summary judgment is not permitted to obtain a continuance unless the proposed discovery has the potential to raise a genuine issue of material fact. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998). In support of Plaintiffs' Rule 56(f) Motion, an affidavit was filed setting forth Plaintiffs' purported additional

discovery needs.  (*See* Dkt. No. 50, Smith Decl. ¶¶ 1–6.)  The Court finds that the affidavit fails to demonstrate the additional discovery has the potential to raise a genuine issue of material fact, even when taken in a light most favorable to Plaintiffs.  Accordingly, although not expressly stated in the Court's previous Opinion, Plaintiffs' Rule 56(f) motion is properly denied.

Plaintiffs next argue equitable estoppel should negate Defendants' statute of limitations defense.  The elements of an equitable estoppel claim are as follows:

> (1) there must be conduct or language amounting to a representation of a material fact; (2) the party to be estopped must be aware of the true facts; (3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; (4) the party asserting the estoppel must be unaware of the true facts; and (5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Sprague v. General Motors Corp.*, 133 F.3d 388, 403 (6th Cir. 1998) (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991)).  Defendants have not represented a fact to Plaintiffs which requires the Court to invoke equitable estoppel.  *See generally Egerer v. Woodland*, No. 1:06-CV-789, 2007 WL 3467263, at *6 (W.D. Mich. Nov. 13, 2007) ("For example, the Egerers do not claim that Defendants lied about or misrepresented the nature of the Marketing Dollars Program, or that Defendants took any affirmative steps to keep them from finding out.").  Accordingly, Plaintiffs have failed to demonstrate that they are entitled to relief on equitable estoppel grounds.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Stephen Egerer, Stephanie Egerer, and Kathy Boyink's Motion for Reconsideration (Dkt. No. 69) is **DENIED**.

DATED in Kalamazoo, MI:  
    January 9, 2008

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE